UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCO RODRIGUEZ-MARTINEZ,<br><br>Defendant. | Case No. 4:18-cr-00262-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Francisco Rodriguez-Martinez's pro se motion for reduction of sentence, brought pursuant to 18 U.S.C. § 3582(c)(2). *See* Dkt. 243. The Government opposes the motion. After considering the briefing and record, the Court will deny the motion.

## BACKGROUND

On August 20, 2019, the Court sentenced Mr. Rodriguez-Martinez to 151 months' imprisonment and five years' supervised release after he pleaded guilty to possession with intent to distribute methamphetamine. *See Judgment*, Dkt. 116. Defendant's guidelines-range sentence was 360 months to life imprisonment, based on a Total Offense Level of 42 and a Criminal History Category of I. *See Statement of Reasons,* Dkt. 117. Defendant is incarcerated at a federal correctional

institution in Yazoo City, Mississippi, with a projected release date of August 30, 2029. https://www.bop.gov/inmateloc/ (last accessed Aug. 13, 2025).

## LEGAL STANDARD

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgement and may not be modified by a district court except in limited circumstances. 18 U.S.C. § 3582(b). "Section 3582(c)(2) establishes an exception to the general rule of finality[.]" *Dillon v. United States*, 560 U.S. 817, 824 (2010). Specifically, § 3582(c)(2) provides, in relevant part:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently lowered by the Sentencing Commission…, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing commission.

18 U.S.C. § 3582(c)(2). Thus, under Section 3582(c)(2), the analysis is twofold. First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guideline range. *Dillon*, 560 U.S. at 826. Second, the Court must consider the applicable § 3553(a) factors and determine whether, in its discretion, such a reduction is consistent with policy statements issued by the Sentencing Commission. *Id.* at 827.

## ANALYSIS

Amendment 821 to the Sentencing Guidelines took effect November 1, 2023, and applies retroactively. *Sentencing Guidelines for the United States*

MEMORANDUM DECISION AND ORDER - 2

*Courts*, 88 Fed. Reg. 60534 (Sept. 1, 2023). Amendment 821 is bifurcated into Parts A and B. The Court begins by examining Defendant's eligibility for a sentence reduction under Part A.

### A.  Part A

"Part A of Amendment 821 limits the overall criminal history impact 'status points'…under § 4A1.1 (Criminal History Category)." *Id.* at 60535. Specifically, regarding "status points," under U.S.S.G. § 4A1.1, a defendant who committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points. Amendment 821 amends § 4A1.1 to: (1) eliminate such status points for any defendant who otherwise has six or fewer criminal history points; and (2) apply one point, instead of two, for defendants who otherwise present seven or more criminal history points.

Part A is inapplicable to Mr. Rodriguez-Martinez, as he did not have any criminal history points.

### B.  Part B

Part B of Amendment 821 provides for a two-level reduction in the offense level for certain zero-point offenders with no criminal history and whose instant offense did not involve specified aggravating factors. *Sentencing Guidelines for the*

*United States Courts*, 88 Fed. Reg. 60534, 60535 (Sept. 1, 2023).  Part B of the amendment does not apply here because although Mr. Rodriguez-Martinez did not receive any criminal-history points, he received an aggravating-role adjustment under Section 3B1.1 of the United States Sentencing Guidelines. As such, he not eligible for a reduction in sentence under Part B of the amendment. *See* U.S.S.G. § 4C1.1(a)(10) (providing that zero-point offenders must meet a variety of criteria to apply for an adjustment, including not having "receive[d] an adjustment under § 3B1.1 (Aggravating Role)").

Further, even if the Court were to grant a two-level reduction (reducing the Total Offense Level to 40), Mr. Rodriguez-Martinez's guideline range would be 292 to 365 months. Thus, he still wouldn't be eligible for a reduction because the sentence he received (151 months) is below the would-be amended guidelines range.

## ORDER

**IT IS ORDERED that** Defendant's Motion for Reduction of Sentence (Dkt. 243) is **DENIED**.



DATED: August 21, 2025

_____
B. Lynn Winmill
U.S. District Court Judge